**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                        Civ. No. 16-441 LH/KK
                                                                         (Cr. No. 06-1436 LH)

DANIEL JESUS LEMOS,

    Defendant/Movant.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    THIS MATTER comes before the Court on Defendant/Movant Daniel Jesus Lemos' ("Defendant") Amended Emergency Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 3) ("Amended Section 2255 Motion"), filed June 16, 2016.  Plaintiff/Respondent the United States of America ("the Government") responded in opposition to the motion on August 11, 2016, and Defendant filed a reply in support of it on August 24, 2016.  (Docs. 13, 15.) United States District Judge C. LeRoy Hansen referred this matter to the undersigned for proposed findings and a recommended disposition on June 15, 2016.  (Doc. 2.)

    In April of 2008, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and to possessing a firearm with an obliterated, removed, changed, or altered serial number in violation of 18 U.S.C. § 922(k).  (CR Docs. 1, 46.)  The Court determined that Defendant had previously been convicted of three violent felonies, and therefore imposed an enhanced sentence of fifteen years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  (CR Docs. 66, 67; Doc. 3 at 2.)  In his Amended Section 2255 Motion, Defendant asks the Court to vacate his sentence and resentence him without the enhancement, because at least one of his prior convictions no longer qualifies as

a violent felony under the ACCA in light of the United States Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). (Docs. 1, 3, 15.) The Government opposes Defendant's motion, arguing that Defendant has been convicted of three violent felonies under the Act notwithstanding the *Johnson* decision. (Doc. 13.)

The undersigned has meticulously reviewed the pleadings and attachments in this civil proceeding and in the underlying criminal case, Cr. No. 06-1436 LH. The undersigned has also examined the Presentence Investigation Report ("PSR"), which the United States Probation Office ("USPO") attached to a memorandum it filed under seal in this habeas proceeding. (Doc. 16-1.) Because Defendant's Amended Section 2255 Motion raises purely legal issues, an evidentiary hearing is unnecessary. 28 U.S.C. § 2255(b). Having carefully considered the parties' submissions, the civil and criminal record, and the relevant law, the undersigned RECOMMENDS that Defendant's Amended Section 2255 Motion be GRANTED.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 28, 2006, a federal grand jury charged Defendant by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm with an obliterated, removed, changed, or altered serial number in violation of 18 U.S.C. § 922(k). (CR Docs. 1, 46.) The Court appointed attorney Phillip Medrano to represent Defendant, who pled not guilty to the charges against him on February 16, 2007. (CR Docs. 5, 7.) Defendant has been in federal custody continuously since February 17, 2007. (Doc. 16-1 at 2.)

Defendant pled guilty to the indictment without a plea agreement on April 3, 2008. (CR Doc. 46.) The USPO disclosed its PSR on June 9, 2008, in which it concluded, *inter alia*, that Defendant had three prior convictions for violent felonies and that his sentence should be

enhanced pursuant to the ACCA. (Doc. 16-1 at 1, 9.) The PSR identified the three qualifying convictions as: (1) a 1994 conviction for aggravated burglary; (2) a 1997 conviction for residential burglary; and, (3) a 2002 conviction for aggravated burglary, all under New Mexico law. (*Id.* at 9-14.) In outlining Defendant's criminal history, the PSR also referred to a 2002 New Mexico conviction for commercial burglary. (*Id.* at 12.) However, it expressed no reliance on the latter conviction in concluding that Defendant's sentence should be enhanced. (*Id.* at 9.) The Court adopted the PSR's findings and sentenced Defendant to fifteen years' imprisonment, the mandatory minimum sentence under the ACCA, at a hearing on February 2, 2010, and entered a judgment of conviction against Defendant on February 22, 2010. (CR Docs. 66, 67.)

Defendant filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 13, 2016, less than one year after the Supreme Court struck down a portion of the ACCA in *Johnson*, 135 S. Ct. at 2551. (Doc. 1.) On June 16, 2016, Assistant Federal Public Defender Aric Elsenheimer filed the Amended Section 2255 Motion presently before the Court on Defendant's behalf.[1] (Doc. 3.) The USPO filed a memorandum regarding *Johnson*'s effect on Defendant's sentence on June 28, 2016,[2] to which Defendant objected on August 10, 2016. (Docs. 12, 16.) The Government responded in opposition to the Amended Section 2255 Motion on August 11, 2016, and to Defendant's objections to the USPO's memorandum on August 23, 2016. (Docs. 13, 14.) On August 24, 2016, Defendant filed a reply in support of his Amended Section 2255 Motion, and on September 7, 2016, also filed a "Supplement" to the motion. (Docs. 15, 19.) The Government

---

[1] The Court subsequently permitted Defendant to withdraw the argument in his Amended Section 2255 Motion regarding shooting at a dwelling or occupied building, which was included by mistake. (Docs. 10, 11.)

[2] Although the memorandum was filed in Defendant's criminal case on June 28, 2016, it was not filed in the corresponding civil case until August 31, 2016. (CR Doc. 72; Doc. 16.)

responded to Defendant's "Supplement" on September 22, 2016. (Doc. 20.) Finally, on December 8, 2016, Defendant filed a Notice of Supplemental Authority. (Doc. 21.)

In his Amended Section 2255 Motion and subsequent briefs, Defendant asks the Court to vacate his sentence and resentence him without enhancement under the ACCA, which would likely result in his immediate release from federal custody.[3] (Doc. 3 at 1.) In support of this request, Defendant argues that the enhancement of his sentence is no longer proper because, after *Johnson*, his 1994 aggravated burglary conviction is no longer a violent felony under the Act. (Doc. 3 at 4-6.) Defendant further argues that the Government cannot rely on his 2002 commercial burglary conviction to justify the enhancement of his sentence, both because the Government has waived the right to do so, and because, after *Johnson*, commercial burglary is also no longer a violent felony under the Act.[4] (Doc. 12 at 4-11; Doc. 19 at 2-3; Doc. 21 at 1.)

In its response and subsequent briefs in opposition to Defendant's Amended Section 2255 Motion, the Government argues that Defendant's 1997 residential burglary conviction, 2002 commercial burglary conviction, and 2002 aggravated burglary conviction remain violent felonies under the ACCA post-*Johnson*, and that the Court should deny Defendant's motion because he still has three qualifying convictions under the ACCA. (Doc. 13 at 2-16.) The Government also argues that it is not barred from relying on Defendant's 2002 commercial burglary conviction to support the enhancement of Defendant's sentence. (Doc. 14 at 1-3.) Conspicuously, however, the Government does not dispute Defendant's claim that his 1994

---

[3] According to Defendant, without enhancement under the ACCA, his guideline imprisonment range would have been from 92 to 115 months. (Doc. 3 at 1 n.1, 2.) To date, Defendant has served approximately 119 months in federal custody. (Doc. 16-1 at 2.)

[4] However, Defendant has never argued that his 1997 residential burglary conviction, or his 2002 aggravated burglary conviction, is no longer a violent felony under the ACCA. (*See generally* Docs. 3, 12, 15, 19, 21.) The undersigned notes that the aggravated burglary of which Defendant was convicted in 1994, and the aggravated burglary of which he was convicted in 2002, may have alternative elements. *See* N.M. Stat. Ann. § 30-16-4 (listing three alternative aggravating factors for burglary).

aggravated burglary conviction no longer qualifies as a violent felony under the Act. (Doc. 13 at 5; Doc. 16-1 at 11-14; *see generally* Docs. 13, 14, 20.) Defendant's Amended Section 2255 Motion is now before the undersigned for proposed findings and a recommended disposition.

## II.   ANALYSIS

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or "serious drug offense" is subject to a minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subpart (i) of this definition is known as the "force clause" or "elements clause"; the non-italicized portion of subpart (ii) is known as the "enumerated clause"; and, the italicized portion of subpart (ii) is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556; *United States v. Harris*, — F.3d —, 2017 WL 34458, at *1 (10th Cir. Jan. 4, 2017); *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016); *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015). In *Johnson*, the Supreme Court ruled that the ACCA's residual clause is unconstitutionally vague, but left its force and enumerated clauses intact.[5] 135 S. Ct. at 2557, 2563.

---

[5] The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applies retroactively on collateral review. *Welch v. United States,* — U.S. —, 136 S. Ct. 1257, 1264-65 (2016). Defendant may therefore

To determine whether an offense is a violent felony under either of the ACCA's still-valid clauses, courts must generally apply what is called the "categorical approach," considering only the offense's statutory elements, and not the actual facts underlying the defendant's prior conviction. *Harris*, — F.3d —, 2017 WL 34458, at *3; *Gardner*, 823 F.3d at 802; *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011). This approach requires courts to presume that a prior conviction "rested upon nothing more than the least of the acts criminalized" by the applicable state statute. *Moncrieffe v. Holder*, — U.S. —, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and citations omitted); *Harris*, — F.3d —, 2017 WL 34458, at *3. However, "in construing the minimum culpable conduct, such conduct only includes that in which there is a realistic probability, not a theoretical possibility the state statute would apply." *Harris*, — F.3d —, 2017 WL 34458, at *3 (internal quotation marks and citation omitted). In other words,

> [t]o satisfy th[e] categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony.

*Smith*, 652 F.3d at 1246 (citation omitted).

To determine whether an offense is a violent felony under the ACCA's enumerated clause, courts must also bear in mind that, in this clause, Congress "referred only to [the listed offenses'] usual or . . . generic versions[, and] not to all variants of the offenses." *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2248 (2016). Thus, to determine whether a past conviction is for one of the listed offenses, courts must compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense. *Id.* at 2247. A prior conviction qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense. *Id.*

---

challenge the Court's enhancement of his sentence pursuant to the ACCA's residual clause by way of a motion under 28 U.S.C. § 2255.

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single . . . set of elements to define a single crime." *Id.* at 2248. However, "[a] single statute may list elements in the alternative, and thereby define multiple crimes." *Id.* at 2249. When a statute has this "divisible" kind of structure, the comparison of elements is more complex. *Id.* To address such statutes, courts employ what is called the "modified categorical approach." *Id.*; *Gardner*, 823 F.3d at 802; *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014). When using the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249; *Hood*, 774 F.3d at 645. Then, the court is able to compare the elements of that crime, as the categorical approach commands, with the elements of the relevant generic offense. *Mathis*, 136 S. Ct. at 2249.

The modified categorical approach does not apply to statutes "that enumerate[] various factual means of committing a single element," as opposed to multiple alternative elements. *Id.* at 2249, 2253-54. To determine whether a statute lists alternative means or elements is "easy" when a state court decision definitively answers the question, or when the statute on its face resolves the issue. *Id.* at 2256. For example, if statutory alternatives carry different punishments, then they must be elements. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). "Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." *Id.* (citing *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014)). "Armed with such authoritative sources of state law, federal sentencing courts can readily determine the nature of an alternatively phrased list." *Id.* And, if state law fails to provide clear answers, a sentencing judge may "peek" at the record of the defendant's prior

7

conviction for "the sole and limited purpose" of determining whether the listed alternatives are means or elements. *Id.* at 2256-57.

In the present matter, the Government has by its silence conceded that Defendant's 1994 aggravated burglary conviction no longer qualifies as a violent felony under the ACCA.[6] Moreover, Defendant has made no claim or argument that his 1997 residential burglary conviction, or his 2002 aggravated burglary conviction, no longer qualifies. As such, the only prior conviction that remains at issue in this action is Defendant's 2002 commercial burglary conviction. As explained below, the undersigned proposes to find that New Mexico commercial burglary no longer qualifies as a violent felony under the ACCA. Without this conviction, Defendant has at most two prior convictions for violent felonies under the ACCA, *i.e.*, his 1997 residential burglary and 2002 aggravated burglary convictions. (Doc. 13 at 2-3.) These two convictions, whether violent felonies or not, are insufficient to support the enhancement of Defendant's sentence under ACCA.[7] 18 U.S.C. § 924(e)(1).

---

[6] Moreover, the Government's tacit concession is correct, for substantially the reasons Defendant offered in his Amended Section 2255 Motion. Briefly, Defendant's 1994 aggravated burglary conviction cannot have been for generic burglary under the ACCA's enumerated clause, because he was convicted of burgling a vehicle. (Doc. 3 at 4-5; Doc. 3-1 at 1; Doc. 3-2 at 1); *see Mathis*, 136 S. Ct. at 2250 (locational element of generic burglary excludes vehicles). Then, although Defendant was convicted of committing a battery during the burglary, thus aggravating the offense, New Mexico battery does not satisfy the ACCA's force clause under *United States v. Johnson*, 559 U.S. 133, 140 (2010). (Doc. 3 at 5-6; Doc. 3-1 at 1; Doc. 3-2 at 1); *see Vasquez v. United States*, Civ. No. 16-678 JAP/WPL, Mem. Op. & Order at 8 (D.N.M. filed Jan. 10, 2017) ("Common-law battery that can be committed by any offensive touch, no matter how slight, does not qualify as a crime of violence.").

[7] The parties do not dispute, and other judges in this District have determined, that New Mexico residential burglary is a violent felony under the ACCA's enumerated clause. *Thyberg v. United States*, Civ. No. 16-514 JAP/CG, Order Adopting Mag. J.'s Proposed Findings & Recommended Disposition (D.N.M. filed Dec. 5, 2016); *Turrieta v. United States*, Civ. No. 16-395 JAP/KK, Mem. Op. & Order (D.N.M. filed Oct. 28, 2016). The undersigned notes, however, that the aggravated burglary of which Defendant was convicted in 2002—*i.e.*, a commercial burglary in which he armed himself after entering—may also no longer qualify as a violent felony under the ACCA. As with simple burglary, aggravated burglary's locational element appears broader than generic burglary's, which would place the offense outside the scope of the enumerated clause. N.M. Stat. Ann. § 30-16-4; *Mathis*, 136 S. Ct. at 2250. And, the aggravating element of which Defendant was convicted in 2002, *i.e.*, arming oneself after entering, does not appear to satisfy the force clause. (Doc. 13 at 11; Doc. 13-3 at 2); *see, e.g., United States v. Parnell*, 818 F.3d 974, 980-81 (9th Cir. 2016).

8

>New Mexico's burglary statute states that
>
>[b]urglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
>A.  Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
>B.  Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3.

This statute lists two alternative locational elements, and thereby defines two separate crimes. The alternative crimes are evident on the statute's face. Subsection A sets forth one crime, *i.e.*, the third-degree felony of burglary of a dwelling house, or residential burglary, and Subsection B sets forth the other, *i.e.*, the fourth-degree felony of burglary of an "other structure," or non-residential burglary. *Id.* Because the statute is divisible in this manner, the undersigned must use the modified categorical approach to determine whether Defendant's 2002 commercial burglary conviction was under Subsection A or Subsection B. *Mathis*, 136 S. Ct. at 2249. A review of the state court indictment attached to the Government's response indicates that Defendant was convicted of burgling "a structure, The Men's Wearhouse." (Doc. 13-3 at 1.) It is uncontested that The Men's Wearhouse is a commercial establishment, and not a "dwelling house." (Doc. 13 at 7; *see generally* Docs. 3, 12, 15, 19, 21.) Thus, the undersigned concludes that Defendant was convicted of non-residential burglary under Subsection B.

The undersigned must next compare the elements of non-residential burglary under Subsection B with those of generic burglary. *Mathis*, 136 S. Ct. at 2247-49. According to the Supreme Court, the elements of generic burglary are: "an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." *Id.* at 2248 (ellipsis omitted); *Taylor*

*v. United States*, 495 U.S. 575, 598 (1990). These elements encompass the elements of New Mexico non-residential burglary with one fatal exception. Generic burglary's locational element excludes land, water, and air vehicles. *Mathis*, 136 S. Ct. at 2250. In contrast, non-residential burglary's locational element explicitly includes vehicles, watercraft, aircraft, and other movable structures. N.M. Stat. Ann. § 30-16-3(B). Thus, the locational element of New Mexico non-residential burglary is broader than that of generic burglary. Because New Mexico non-residential burglary is broader than generic burglary, it does not qualify as a violent felony under the ACCA's enumerated clause. *Mathis*, 136 S. Ct. at 2250-51, 2257; *see also United States v. Jimenez*, Civ. No. 16-661 RB/SMV, Order Adopting Mag. J.'s Proposed Findings & Recommended Disposition (D.N.M. filed Dec. 23, 2016) (New Mexico non-residential burglary does not qualify as violent felony under ACCA).

The foregoing analysis should suffice to resolve the case. However, the Government contends that Subsection B itself is divisible, and sets forth four alternative locational elements, and therefore four separate crimes, *i.e.*, burglary of, respectively, vehicles, watercraft, aircraft, and "other structure[s]." (Doc. 13 at 7-10.) The Government asks the Court to examine state court documents regarding Defendant's 2002 commercial burglary conviction to determine which of these locational "elements" formed the basis of that conviction. (*Id.*) According to the Government, because these documents indicate Defendant was convicted of burgling a commercial establishment, which location would fall within the scope of generic burglary, the crime qualifies as a violent felony under the enumerated clause. (*Id.*)

The undersigned disagrees. On its face, Subsection B of the New Mexico burglary statute sets forth alternative means of committing the unitary crime of non-residential burglary, and not alternative elements defining separate crimes. The burglary statute is divided into two

10

subsections by locational element: burglary of a dwelling house in Subsection A, and burglary of any vehicle, watercraft, aircraft, or other movable or immovable structure in Subsection B. N.M. Stat. Ann. § 30-16-3. There is no further division. *Id.* Thus, the statute's organization indicates that its locational element is divisible into two, and only two, categories: dwelling houses, and other structures. The legislature could have drafted additional subsections to further divide burglary's locational elements, but elected not to do so.

In addition, the statute imposes one penalty for residential burglary, and another, less severe penalty for all other simple burglaries. *Id.* That the statutory penalty is distinct for burglary of a dwelling house under Subsection A, but the same for burglary of any of the locations listed in Subsection B, supports the conclusion that the listed locations are means and not elements. The Government argues that, because the penalty is the same for all of the listed alternatives in Subsection B, the statute "do[es] not answer the question" whether the alternatives are means or elements. (Doc. 13 at 8 (citing *Mathis*, 136 S. Ct. at 2256).) The undersigned agrees that, standing alone, the singular penalty in Subsection B is not determinative. However, viewed in the context of the distinct penalty for residential burglary in Subsection A, it is consistent with and supports the undersigned's reading of the statute.

Subsection B's plain language also indicates that it lists alternative means of committing a unitary crime, and not alternative elements of separate crimes. Just as the list of alternatives in *Howard*, 742 F.3d at 1334, 1348, had the word "includes" at the beginning, so the list of alternatives in Subsection B has the words "or other structure" at the end. The terms used are different, but they convey the same meaning, and serve the same purpose, which is to signal a non-exhaustive list of illustrative examples. *Mathis*, 136 S. Ct. at 2256. Vehicles, watercraft, and aircraft are simply specific examples that help to clarify the meaning of Subsection B's

11

broader locational element, *i.e.*, a movable or immovable "structure."  N.M. Stat. Ann. § 30-16-3(B).  This is consistent with the canon of statutory construction *ejusdem generis*, which the New Mexico Supreme Court has specifically applied to Subsection B.  *New Mexico v. Office of the Public Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶¶ 30, 31, 285 P.3d 622.  In short, the organization and text of New Mexico's burglary statute, as well as the alternative punishments listed, together clearly convey that the statute is divisible into Subsection A (residential burglary) and Subsection B (non-residential burglary), and no further.

The *Muqqddin* decision also supports this reading of the statute.  In *Muqqddin*, the court thoroughly reviewed the history of New Mexico's burglary statutes, and determined that the lower courts had been interpreting the list of prohibited spaces in Subsection B too broadly.  *Id.* at ¶¶ 22-26.  Describing the post-1963 statute at issue here, the *Muqqddin* court stated that it "divides the crime into [two] different grades, with the entry of a dwelling being a third degree felony [and] entry into any of the other enumerated objects being a fourth degree felony."  *Id.* at ¶ 13.  The fact that the New Mexico Supreme Court has identified only two distinct "grades" based on locational element tends to confirm that this element is not further divisible.  For all of the foregoing reasons, the undersigned proposes to find that non-residential burglary under Subsection B is not divisible, and declines to apply the modified categorical approach to it.[8]

Moreover, even if the term "structure" in Subsection B were an alternative locational element distinct from vehicles, watercraft, and aircraft as the Government claims, and even if the

---

[8] The Tenth Circuit applied the modified categorical approach to determine whether non-residential burglary under Subsection B qualified as a violent felony under the ACCA in at least three pre-*Mathis* decisions.  *See United States v. Ramon Silva*, 608 F.3d 663, 665-69 (10th Cir. 2010); *United States v. King*, 422 F.3d 1055, 1057-58 (10th Cir. 2005); *United States v. Lujan*, 9 F.3d 890, 892-93 (10th Cir. 1993).  However, as explained herein, *Mathis* no longer permits the application of the modified categorical approach to Subsection B, and thus *Ramon Silva, King,* and *Lujan* are no longer binding on this Court.  *See United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993) (Tenth Circuit panel decisions bind this Court "absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court").

undersigned were to apply the modified categorical approach and determine that Defendant was convicted of burgling a "structure," this element would still be overbroad. Subsection B expressly states that a "structure" may be "movable or immovable." N.M. Stat. Ann. § 30-16-3(B). Thus, the term would realistically include, for example, a railroad car. *Id.*; *see* N.M. Stat. Ann. § 66-1-4.19(B) (under New Mexico Motor Vehicle Code, "devices . . . used exclusively upon stationary rails or tracks" are not "vehicle[s]"). Generic burglary, in contrast, excludes railroad cars from its locational element. *See Taylor*, 495 U.S. at 599 (Missouri burglary statute with locational element including "any booth or tent, or any boat or vessel, or railroad car" was broader than generic burglary). As such, even if New Mexico burglary of a "structure" were a distinct crime from burglary of a vehicle, watercraft, or aircraft, it would still be broader than generic burglary and thus not a violent felony under the ACCA's enumerated clause.[9]

Finally, the undersigned rejects the Government's argument that New Mexico law is unclear as to whether the list of alternatives in Subsection B is one of elements or means. (Doc. 13 at 10.) If state law were unclear, the undersigned could "peek" at Defendant's record of conviction "for the sole and limited purpose of determining whether the listed items are elements of the offense." *Mathis*, 136 S. Ct. at 2256-57 (internal quotation marks and brackets omitted). State law, however, is clear. The list of alternatives is one of means, not elements. In these circumstances, a "peek" at Defendant's record of conviction is neither necessary nor permissible. The Supreme Court has instructed that the modified categorical approach "is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have

---

[9] Having held that the term "structure" in Subsection B is overbroad because it includes movable structures, the Court need not address Defendant's argument that the term is also overbroad because the New Mexico Court of Appeals has recently interpreted it to include a motel clerk's office. (Doc. 19 (citing *New Mexico v. Mestas*, 2016-NMCA-047, 370 P.3d 805).)

satisfied the elements of a generic offense." *Id.* at 2253-54. To apply the modified categorical approach to Subsection B as the Government has requested would be to disobey this instruction. In short, New Mexico non-residential burglary under Subsection B is not divisible, is broader than generic burglary, and is not an enumerated violent felony under the ACCA.[10] Because Defendant has fewer than three prior convictions for violent felonies under the Act, his enhanced sentence must be vacated.

### III.  CONCLUSION

For all of the above reasons, the undersigned proposes to find that, after *Johnson*, 135 S. Ct. at 2551, New Mexico non-residential burglary can no longer qualify as a violent felony under the ACCA's residual clause, and does not qualify as a violent felony under the Act's enumerated clause. Thus, the Court may not rely on Defendant's 2002 commercial burglary conviction to enhance his sentence. Consequently, the undersigned recommends that the Court GRANT Defendant's Amended Section 2255 Motion, VACATE his sentence, and RESENTENCE him without enhancement under the ACCA at the Court's earliest opportunity.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[10] Because New Mexico commercial burglary does not qualify as a violent felony under the ACCA, whether the Government waived the right to rely on Defendant's conviction for this offense is irrelevant and the undersigned will not address that issue here. (Doc. 12 at 5-7; Doc. 14 at 1-3; Doc. 15 at 4-7.)

15

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**